COMMONWEALTH *vs.* JAMES J. MCGRATH & another.

Suffolk.    June 15. — 22, 1874.    COLT & AMES, JJ., absent.

A misrecital of a verdict in a motion contained in a bill of exceptions, will not affect the verdict as shown by the record.

On an indictment for a felonious assault with the malicious intent to maim and disfigure, a verdict that " each defendant is guilty of an assault without the intent as alleged in the indictment," operates as a conviction of a simple assault.

On an indictment for a felonious assault on A. with the malicious intent to maim and disfigure A. by putting out and destroying the eye of A., if the defendant is found guilty of an assault without the intent as alleged in the indictment, he may be adjudged guilty of a simple assault under the Gen. Sts. *c.* 172, § 16.

INDICTMENT charging that James J. McGrath and Frank Judge " upon one Robert M. Morrison, feloniously an assault did make with the malicious intent the said Morrison then and there to maim and disfigure, by putting out and destroying the eye of said Morrison."

At the trial in the Superior Court, before *Wilkinson*, J., the jury returned a verdict as appeared by the record as follows : " Each defendant is guilty of an assault without the intent as alleged in the indictment." The defendants then moved that they be discharged, on the ground that " when a verdict, as in this case, finds them ' guilty of an assault without intent,' it is tantamount to an acquittal." This motion was overruled and the defendants excepted. The bill of exceptions was certified by the presiding judge to be conformable to the truth and was allowed. Afterwards during the same term the defendant moved in arrest of judgment, and assigned as one of the grounds, " that a verdict, as in this case, in these words, and in form as follows : ' Each guilty of an assault without intent ' is, in fact, a verdict of not

guilty." This motion was also overruled, and the defendants appealed.

*D. F. Crane & H. P. Haynes*, for the defendants, contended, 1. That the allowance of the bill of exceptions, certified to be conformable to the truth, was conclusive of the fact that the verdict was in words and form as set out in the bill of exceptions; and that the difference of the record as certified by the clerk was to be treated as an interpolation.

2. That the verdict in law amounted to an acquittal, because on the indictment the defendants could be convicted " only of feloniously putting out and destroying the eye of Morrison, with the malicious intent to maim and disfigure."

*C. R. Train*, Attorney General, & *W. G. Colburn*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J. This indictment duly charges an assault with intent to maim. The verdict, as recorded, shows a good conviction of a simple assault only, and is not affected by the misrecital of it in the defendants' motion. The defendants having been convicted of part of the offence charged, and that part being of itself an offence substantially alleged in the indictment, they are liable to be sentenced accordingly. Gen. Sts. c. 172, § 16.*

*Exceptions overruled.*

---

* "When a person indicted for a felony is on trial acquitted by the verdict of part of the offence charged, and convicted of the residue, such verdict may be received and recorded by the court, and thereupon the person indicted shall be adjudged guilty of the offence, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly."