COMMONWEALTH *vs.* JOHN BLANEY.

Bristol.    Oct. 24. — Nov. 29, 1882.    LORD, C. ALLEN & COLBURN, JJ.,
                                    absent.

An indictment on the Pub. Sts. *c.* 202, § 19, alleging that the defendant, at a time
and place named, " with force and arms, with malicious intent one A. then and
there to maim and disfigure, in and upon the said A. feloniously did make an
assault," and that he " a portion of the nose of the said A. then and there felo-
niously and maliciously did bite off," is a good indictment for assault and bat-
tery; and a motion to quash the indictment, on the ground that it does not
properly set forth the offence described in the statute, and a motion that the
defendant be allowed to plead specially to the charge of assault and battery,
are rightly overruled.

INDICTMENT on the Pub. Sts. *c.* 202, § 19, charging that the
defendant, on April 9, 1882, at Attleborough, " with force and ·
arms, with malicious intent one Ann Blaney then and there to
maim and disfigure, in and upon the said Ann Blaney feloni-
ously did make an assault; " and that the defendant " a portion
of the nose of the said Ann Blaney then and there feloniously
and maliciously did bite off." At the trial in the Superior
Court, before *Colburn*, J., the jury returned a verdict of guilty ;
and the defendant alleged exceptions, which appear in the
opinion.

*J. Brown*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

DEVENS, J.    The statute has created a highly penal offence,
which is committed when one, " with malicious intent to maim
or disfigure," " cuts, slits or mutilates the nose or lip " of another.
Pub. Sts. *c.* 202, § 19.    The indictment has not used the words
of the statute, but charges that, with such malicious intent, the
defendant " a portion of the nose of the said Ann Blaney then
and there feloniously and maliciously did bite off."    Before the
jury were empanelled, the defendant moved in the Superior
Court that the indictment be quashed, on the ground that it did
not properly set forth the offence described in the statute above
cited.    This motion was properly refused.    Assuming, for the
moment, that the aggravation was not well charged, yet the in-
dictment contained every element of a formal and substantial
charge of the crime of assault and battery.    It was not therefore

defective by reason of failing to charge the defendant in due form with any offence. It could not have been quashed on motion, nor adjudged bad on demurrer. To such an indictment the Pub. Sts. c. 214, § 25, which require any objection for a formal defect apparent on its face to be taken by demurrer or motion to quash, alleging specifically the objections relied on, before the jury are sworn, do not apply. *Commonwealth* v. *Kennedy*, 131 Mass. 584.

For similar reasons, the defendant was not entitled, as he desired, to plead specially to the charge of assault and battery. He could, when judgment was to be rendered and sentence imposed, object to any sentence except for that crime, and was entitled then to be heard upon that subject. Whether found guilty by the verdict of the jury, or upon his own plea, he is found guilty of no more than that which the indictment legally charges.

These considerations dispose of the case, as now presented, upon the refusal of the presiding judge to grant the defendant's motions.                                   *Exceptions overruled.*