COMMONWEALTH *vs.* JOHN O'DONNELL.

Middlesex.    November 25, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Complaint — Assault and Battery — Dangerous Weapon — Jurisdiction of Police Court — Intent to commit other Offence — Record — Presumption.*

A complaint to a police court charged only an assault and battery with a dangerous weapon, and the record of that court recited that the defendant was tried and found guilty of the offence described in the complaint, and sentenced, from which sentence he appealed. *Held*, that the record showed a case within the final jurisdiction of the police court within the meaning of the St. of 1887, c. 293, § 1.

COMPLAINT, dated August 22, 1888, to the Police Court of Newton, alleging that the defendant, " being then and there armed with a dangerous weapon, to wit, an axe," on that day at Newton, with force and arms upon one Hart " then and there being an assault did make, and said Hart did then and there beat, wound, and ill treat, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The record of the Police Court, transmitted to the Superior Court, on appeal, recited that the defendant pleaded that he was not guilty " of the offence charged against him in the said complaint"; that " after hearing the witnesses in the case duly sworn, and fully hearing and understanding the defence of the said defendant, it appears to the court that he is guilty of the offence aforesaid"; and that he was thereupon sentenced to pay a fine, from which sentence he appealed.

In the Superior Court, before the jury were impanelled, the defendant moved to dismiss, and to quash the complaint, for want of jurisdiction. The defendant contended, at the hearing on these motions, that the record should show clearly all the facts necessary to give the lower court jurisdiction, and that the record should show affirmatively and clearly that said court found specifically that there was no intent to commit any other offence, and that without such finding the said court had no

jurisdiction except to bind over the defendant for trial in the Superior Court. *Thompson*, J., overruled the motions. The defendant was then tried and found guilty, and thereupon alleged exceptions.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J. ' The Pub. Sts. c. 154, § 18, provide that the police and district courts " shall in their respective counties, concurrently with the Superior Court, have jurisdiction of cases of assault and battery, except when committed in the commission of, or in the attempt to commit, some other offence, or with a weapon dangerous to life, or where the life of the person assaulted is in danger, or such person is maimed," etc. The St. of 1887, c. 293, § 1, provides that " municipal, district, and police courts shall have jurisdiction, concurrently with the Superior Court, of cases of assault and battery with a weapon dangerous to life where there is no intent shown to commit any other offence," etc. Except in cases where the statutes have made a distinction, assaults with a dangerous weapon, or with the intent to commit some other offence, are still only assaults, although of an aggravated kind. Our statutes have made distinct offences of assaults with intent to commit certain other offences, and of assaults by a person armed with a dangerous weapon with intent to commit certain other offences ; but these statutes do not cover all possible cases of assaults made with the intent to commit other offences, either with or without a dangerous weapon. Pub. Sts. c. 202, §§ 19–28. In an indictment under these statutes it is necessary to allege all the substantive facts which the statutes have made constituent elements of the offence. The complaint, however, in the present case, does not charge any of these statutory offences. It charges an assault and battery at common law, and the allegation that the defendant was armed with a dangerous weapon is matter of aggravation only, and is not descriptive of the offence. *Commonwealth* v. *Burke*, 14 Gray, 100.

If it had appeared in evidence that the assault had been committed with the intent to commit some other offence, the Police Court of Newton would have had, under the statutes,

jurisdiction only to bind over the defendant for trial in the Superior Court. The statutes have so provided, because the Superior Court is not limited to the same extent as police courts are, in the punishment it may impose for aggravated assaults. As the complaint did not charge any intent to commit any other offence, the case was apparently within the final jurisdiction of the Police Court, under the St. of 1887, c. 293. As the record of the Police Court shows that that court took final jurisdiction, it must be presumed that it was not shown to that court, by evidence, that the defendant had an intent to commit any other offence. No such fact appearing anywhere in the record, it must be taken as not existing. We think that the record of the Police Court on its face shows a case within its final jurisdiction.        *Exceptions overruled.*