## STATE v. A. O. ROLFE.[1]

January 27, 1922.

No. 22,673.

**Conviction not sustained by evidence.**
The evidence is *held* not to sustain the conviction.

[1]Reported in 186 N. W. 574.

Defendant was indicted by the grand jury of Norman county charged with the crime of indecent assault, tried in the district court for that county before Grindeland, J., who at the close of the testimony denied defendant's motion to dismiss the case for failure to prove the commission of any public offense whatever, and a jury which rendered a verdict of guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Hetland & Hetland* and *Christian G. Dosland*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *M. A. Brattland*, County Attorney, for respondent.

HOLT, J.

Defendant was convicted of taking indecent liberties with a 16-year old girl, and appeals.

The girl, from the time she was 6 or 7 years old, has been in the habit of visiting defendant's feed and fuel office in Ada, Minnesota. Frequently she obtained from him small sums for candy or ice cream, and as she grew older the gifts increased somewhat in amount. She claims that for some special purposes she got larger sums, the largest being $12.50 or $13. The day before she was 16 she visited him at his place of business, which is on the main street of the city. She says they were talking and joking for half an hour or longer. In the course of the visit he stated that it would be nice to take improper liberties with her. She retorted: "Just because you would like it is no sign you are going to." She testified that "he quit talking that way", and that was the first and only time he had uttered anything bordering on the improper. They were then sitting over 10 feet apart. She expressed no resentment, and continued her stay. As she was so sitting she pulled up her dress slightly and exhibited her new silk stockings to him. After about 15 minutes longer of jocular bantering, during which she came up and stood by the chair in which he was then sitting, she again called his attention to her silk hose, perhaps lifting her dress a little as she admits. He reached out his hand, his open palm touching the stocking below the

calf of the leg. The hand slid up about 3 inches, she thinks. He did not close his hand on her leg. It was below the bottom of the dress. She claims that she said "quit," and he did. Again no resentment was indicated by her. She prolonged her stay, and wheedled some money from him before she left. Defendant is an elderly married man, with grown children.

The statute reads: "Every person who shall take any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to rape, an attempt to commit a rape, or an assault with intent to commit a rape, and every person who shall take such indecent liberties with or on the person of any female under the age of fourteen years, without regard to whether she shall consent to the same or not, shall be guilty of a felony." G. S. 1913, § 8663. We do not think the touching of the person of the prosecutrix, under the circumstances related by her, constitutes an offense under the statute quoted. No language which accompanied the act can possibly characterize it as an attempt to take indecent liberties. The girl's actions invited an examination of the stockings. She was of an age that express consent would prevent all acts of indecent liberties short of an assault with intent to commit rape from being a violation of this statute. But it is claimed that the improper remark made 15 minutes before characterized the physical touch of her person. The court correctly charged the jury that "the act or assault need not be in itself indecent in its nature, but may be rendered so by the words and circumstances accompanying the transaction." The difficulty is with the proof. No word or circumstance accompanied the act complained of, which in any manner tended to render it indecent or questionable. Prosecutrix admits that the talk at the time was entirely proper, and that the circumstances of his touching her indicated not the slightest effort to go beyond what the act itself was limited to. The previous improper remark of defendant was so separated from the act both in time and circumstances that the jury were not warranted in using that to interpret the act of touching her person.

In view of the conclusion reached other errors complained of need not be considered.

The order and judgment are reversed.