COMMONWEALTH *vs.* JOHN H. McCAN.

Suffolk.    October 5, 1931. — November 30, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Criminal,* Double jeopardy. *Rape. Assault and Battery.*

The conviction of a defendant upon a complaint in a municipal court charging that he "did make an indecent assault" upon a certain female child and "did then and there beat, bruise, wound and evil treat" her, was not a bar to an indictment of the same defendant charging that he committed an assault upon the same child, then under sixteen years of age, "with . . . intent . . . unlawfully and carnally to know and abuse" her and then and there "did unlawfully and carnally know and abuse" her, although the crime set out in each case was proved by evidence of the same acts, committed by the defendant at the same time and place.

INDICTMENT, found and returned on March 9, 1931, and described in the opinion.

Proceedings in the Superior Court before *Williams,* J.,

and the report by the trial judge to this court are described in the opinion.

No argument nor brief for the defendant.

*J. J. Murphy*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J.  It was charged in this indictment that the defendant on February 11, 1931, committed an assault on a female child under sixteen years of age "with . . . intent . . . unlawfully and carnally to know and abuse" her and then and there "did unlawfully and carnally know and abuse" her.  When the case came on for trial by jury, the defendant was not represented by counsel but the assistant district attorney directed the attention of the judge to the fact that on February 12, 1931, the defendant, after trial in the Municipal Court of the City of Boston, had been found guilty and sentenced to a term in the house of correction upon a complaint charging that on February 11, 1931, the defendant "did make an indecent assault" upon the same female child and "did then and there beat, bruise, wound and evil treat" her, such complaint growing out of the same transaction as that set forth in the indictment. Thereupon, a plea in bar was drafted for the defendant, so that his rights might be protected, by the assistant district attorney, and it was filed by the defendant.  The plea was overruled.  The defendant thereupon pleaded not guilty, and was tried and found guilty on the indictment. The evidence was plenary to support the full felony charged in the indictment, even to the extent of violent overpowering of the resistance of the child.  Sentence to the State prison for a term of not less than five, nor more than seven, years was imposed; but stay of execution was ordered and with consent of the defendant the question of law raised by the plea in bar was reported for determination by this court. G. L. c. 278, § 30.  *Commonwealth* v. *Cronin*, 245 Mass. 163. *Commonwealth* v. *Surridge*, 265 Mass. 425, 426.

The question thus reported is whether as matter of law the complaint, conviction and sentence in the Municipal Court were a bar to this indictment.

The principle involved in this question is that ancient, fundamental maxim embedded in the criminal jurisprudence of the common law that no person shall be tried twice for the same offence. Stated in other words pertinent to the plea here interposed, that maxim is that, where one has been convicted and punished by a court of competent jurisdiction, all other proceedings for the same offence are barred to the end that the defendant shall not be punished again for the same matter. That maxim is embodied in art. 5 of the Amendments to the Constitution of the United States and in the constitutions of many other States. In this Commonwealth it is jealously guarded as an important principle of individual safety and personal right. The difficulty lies in the application of that principle to the facts here disclosed. To determine the availability of that maxim in behalf of any defendant requires the consideration of two factors: (1) whether the party pleading it has in truth theretofore been put in jeopardy, and (2) whether, if that be established, it can rightly be said to have been for the same offence. *Commonwealth* v. *Roby*, 12 Pick. 496, 502.

It is not open to debate that the defendant was put in jeopardy upon the complaint in the Municipal Court with respect to the crime of assault and battery.

The main inquiry, therefore, is whether the defendant has been tried before for the same offence as that here charged. The complaint in the Municipal Court charged a simple misdemeanor. No provision of the common law or of the statutes attaches a higher grade of offence to the words of aggravation charging that the assault and battery were indecent in nature. It was in effect a charge of assault and battery: *Commonwealth* v. *Barlow*, 4 Mass. 439. *Commonwealth* v. *Randall*, 4 Gray, 36. *Commonwealth* v. *Fischblatt*, 4 Met. 354. *Commonwealth* v. *White*, 110 Mass. 407. *Commonwealth* v. *Hagenlock*, 140 Mass. 125. *Attorney General* v. *Macpherson*, L. R. 3 P. C. 268, 281. The Municipal Court, therefore, had full jurisdiction to try the offence charged in the complaint and to impose the sentence of imprisonment in the house of correction for one year. St.

1893, c. 396, § 36; St. 1911, c. 176, § 1; St. 1918, c. 257, § 420, now embodied in G. L. c. 218, §§ 26, 27. *O'Neil* v. *Commonwealth*, 165 Mass. 446.

The present indictment, on the contrary, charges a felony of high degree, the maximum punishment permissible therefor being imprisonment in the State prison for life. G. L. c. 265, § 23. It is a crime beyond the final jurisdiction for trial of any save the Superior Court under our system of distribution of powers among the several courts. If a complaint of that nature were lodged in the Municipal Court, or if evidence showing the commission of that crime appeared on a trial, that court would have no jurisdiction to punish therefor: in either event the proper course for that court, provided there appeared to be probable cause to believe that such crime had been committed, would be to bind the person who appeared to be guilty over for the action of the Superior Court. G. L. c. 218, § 30. Whether the Municipal Court would have jurisdiction to sentence a defendant for simple assault when satisfied beyond reasonable doubt upon all the evidence that the higher crime had been committed, need not be considered. Such an event is quite unlikely. The facts showing the guilt of the defendant for the felony here charged had not come to light, according to the present record, at the time of his trial on the complaint for assault and battery in the Municipal Court, and this seemingly through no fault of anybody acting with authority in behalf of the Commonwealth. At that trial the child assaulted became hysterical and gave no testimony other than to state her name. The precise question, therefore, is whether the conviction of the defendant of the crime of assault and battery in a court having no jurisdiction finally to try or to convict of rape is a bar to the prosecution of the defendant upon the present indictment for the latter crime in a court of competent jurisdiction, the female child and the general event as to time and place being the same in both instances.

Doubtless an assault is involved as subsidiary and incidental to rape, and an indictment for rape charges substantially and formally an assault and battery; and, under

our present statutes, upon an indictment for rape a defendant, if the proof falls short of the charge of the felony, may be found guilty of simple assault and battery. *Commonwealth* v. *Drum*, 19 Pick. 479. *Commonwealth* v. *Dean*, 109 Mass. 349, 351. G. L. c. 278, § 12. The two crimes, however, differ radically. An assault and battery is the intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another. *Commonwealth* v. *McKie*, 1 Gray, 61, 63. *Commonwealth* v. *Hawkins*, 157 Mass. 551, 553. *Commonwealth* v. *Arone*, 265 Mass. 128, 131. Rape is the carnal knowledge of any woman above the age of consent against her will, and of a female child under the age of consent with or against her will: its essence is the felonious and violent penetration of the person of the female by the defendant. *Commonwealth* v. *Roosnell*, 143 Mass. 32. *Commonwealth* v. *Squires*, 97 Mass. 59, 61. It is difficult to conceive of two crimes more fundamentally different in nature and distinct in legal character. Assault and battery is and always has been a misdemeanor and may be insignificant in character. Rape was in this Commonwealth a capital offence until the enactment of St. 1852, c. 259, § 2, and is still one of the very few crimes punishable by imprisonment for life in the State prison.

We think that, in principle, the case at bar is concluded against the sufficiency of the plea by the luminous and exhaustive discussion by Chief Justice Shaw in *Commonwealth* v. *Roby*, 12 Pick. 496. That need not be repeated or summarized. The reference in that opinion to St. 1805, c. 88, some words of which have long since been repealed, Rev. Sts. c. 137, § 11, and note, does not impair its pertinency. See now G. L. c. 278, § 12. *Morey* v. *Commonwealth*, 108 Mass. 433, 435. The case at bar also is covered in principle by *Commonwealth* v. *Crecorian*, 264 Mass. 94. In that case the defendant pleaded in bar to an indictment for robbery his acquittal upon an indictment for murder, it being agreed at the hearing that the act which resulted in the murder and the assault which was an element in the robbery were one and the same act, and that the assaults

were committed on the same person and at the same time. The murder there charged involves an assault and battery as an essential incident of the charge. An acquittal on such a charge would have been as much a bar to robbery as would the conviction for assault and battery pleaded in the present case to the indictment for rape. But it was held that the prior indictment for murder and the indictment for robbery were not for the same offence, and that acquittal on the former was no bar to prosecution on the latter indictment. Any defendant in this plight has it within his own power to protect himself from any danger of being twice in jeopardy for the same offence. He may plead his former conviction in bar of the assault and battery embraced in the indictment, and "not guilty" as to the rest of the crime charged. Then, if acquitted of the latter charge, he will have the benefit of his plea in bar and be entitled to a discharge. *Commonwealth* v. *Curtis*, 11 Pick. 133, 139. *State* v. *Littlefield*, 70 Maine, 452. *Rose* v. *State*, 9 Lea. 388, 389.

Whether the circumstances disclosed in the case at bar constitute a double jeopardy has been discussed in courts of other jurisdictions. In *Diaz* v. *United States*, 223 U. S. 442, at page 449, (referring to the justice of the peace under the Philippine law) it was stated as a general proposition that that magistrate, "although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction. All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide . . . ." In *Regina* v. *Miles*, 24 Q. B. D. 423, 433, at page 434, occur words peculiarly apt to the case at bar by Hawkins, J. (of whom Mr. Justice Holmes remarked, in adopting another statement from his judgment in the *Miles* case as applicable in *United States* v. *Oppenheimer*, 242 U. S. 85, 88, that he was "a judge of great experience in the criminal law"):

"a conviction for a common assault could not be pleaded in bar to an indictment for *rape* . . . for the essence of the crime of *rape* is a felonious assault *by penetration of the person of the prosecutrix,* which justices [of a court of summary jurisdiction] have no jurisdiction to adjudicate upon, and although it is quite true that, on a charge of common assault, evidence may be given of circumstances which, *if true,* would constitute a rape, and true also that the justices must form in their own minds an opinion as to the credibility of that evidence with a view to determining whether their jurisdiction to deal with the matter has been ousted or not, and true also that if they disbelieve that evidence they may nevertheless believe that *an* assault, though not one of the particular character constituting a rape, has been committed, and convict the person charged accordingly . . . . Their conviction, nevertheless, would be no bar to an indictment for rape, for though incidentally they might be obliged to consider the evidence in order to determine whether they had jurisdiction over the charge before them, they would have no jurisdiction whatever to adjudicate upon the offence of rape, and their disbelief of the evidence would have no greater effect upon the charge of rape than if they had simply refused to commit for trial upon it, in which case nobody would question that an indictment might be presented by anybody who was dissatisfied with the justices' refusal." To the same exact point is *People* v. *Saunders,* 4 Parker Cr. Rep. 196. The principle was succinctly stated in *People* v. *Townsend,* 214 Mich. 267, 275, as follows: "A conviction in an inferior court of a misdemeanor does not constitute former jeopardy so as to bar subsequent prosecution for a felony arising out of the same transaction. The felony here charged being beyond the jurisdiction of the inferior court, and not included in any sense within the charge there laid, the defense of former jeopardy fails." The great weight of authority is to the same effect. Without attempting an exhaustive collection, the following cases are cited as illustrative of the general tendency of judicial decision: *State* v. *Nichols,* 38 Ark. 550; *Severin* v. *People,* 37 Ill. 414; *State* v. *Hattabough,* 66 Ind.

223, 228–229; *State* v. *Garcia,* 198 Iowa, 744, 746; compare *State* v. *Sampson,* 157 Iowa, 257; *Reddy* v. *Commonwealth,* 97 Ky. 784, 788; *State* v. *Littlefield,* 70 Maine, 452; *Huffman* v. *State,* 84 Miss. 479; *Crowley* v. *State,* 94 Ohio St. 88; *State* v. *Caddy,* 15 S. Dak. 167; *Bowman* v. *State,* 160 Tenn. 305; *White* v. *State,* 9 Tex. App. 390; *Murphy* v. *Commonwealth,* 23 Grat. 960; *Regina* v. *Morris,* L. R. 1 C. C. 90. There are these contrary decisions: *Storrs* v. *State,* 129 Ala. 101; *Sanford* v. *State,* 75 Fla. 393; compare, however, *Boswell* v. *State,* 20 Fla. 869; *People* v. *McDaniels,* 137 Cal. 192; *Bell* v. *State,* 103 Ga. 397; *State* v. *Hatcher,* 136 Mo. 641, 644; *State* v. *Cooper,* 1 Green, 361, 371.

We think that on principle a defendant in these circumstances ought not to escape punishment for the grave offence with which he was charged and has been found guilty. To reach that result does not impair the essential protection against double trial for the same offence. The assault of which the defendant was earlier convicted was no essential part of the high felony here charged, but merely an incident. The two crimes were separate and distinct.

The conclusion is that, by force of our own decisions, on principle, and on the weight of authority elsewhere, the plea was rightly overruled.

*Verdict to stand.*