COMMONWEALTH *vs.* GEORGE W. MORGAN.

Middlesex.    April 4, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Practice, Criminal,* New trial, Exceptions, Appeal with assignment of errors, Sentence.

*Whether* a review of the denial of a motion for a new trial of an indictment, the trial of which had been subject to the provisions of St. 1925, c. 279; St. 1926, c. 329, should be sought by way of exceptions or an appeal with an assignment of errors, was not decided.

A judge of the Superior Court is not required to make findings of fact in passing upon a motion for a new trial of an indictment.

Matters which might have been raised at the trial of an indictment, but which were not so raised, cannot be raised as of right on a motion for a new trial.

Where it appeared to this court, in reviewing a denial of a motion for a new trial of an indictment, that there might be a question as to whether a sentence imposed upon the defendant previous to the filing of the motion was in excess of that permitted by law, but such question had not been raised at the trial or at the hearing on the motion, nor suggested in the arguments of counsel, such question was not decided by this court.

It *was stated* that a sentence in excess of what the law permits is not void, but only voidable on appropriate proceedings.

INDICTMENT, found and returned on February 2, 1931, described in the opinion.

The indictment was tried in the Superior Court before *Gibbs,* J. The defendant was found guilty. Sentence imposed upon the defendant, and proceedings relative to a motion by him for a new trial of the indictment, are described in the opinion.

*I. D. Farquhar,* for the defendant.

*F. A. Crafts,* Assistant District Attorney, for the Commonwealth.

DONAHUE, J.   A jury found the defendant guilty in a trial upon an indictment which charged that the defendant "being armed with a dangerous weapon did assault and beat Gene-

vieve Jennings." The trial judge ordered that the trial be subject to the provisions of G. L. c. 278, as amended by St. 1925, c. 279, and St. 1926, c. 329. The defendant was found guilty on February 5, 1931, and he was thereupon sentenced to imprisonment in the State prison for the term of not more than ten or less than nine years, which sentence he is now serving. No exceptions were taken by the defendant at the trial. On September 2, 1931, the defendant filed a motion for a new trial which was heard by the judge on or about October 16, and denied on October 30, 1931. On November 3, 1931, the defendant filed a paper entitled "Bill of Exceptions," a motion to extend the time for filing a bill of exceptions and a "Motion for Bill of Particulars as to Findings of Fact and of Law" on which the judge based his denial of the motion for a new trial. No action was taken by the judge on either of the two motions and no bill of exceptions was ever allowed. On November 17, 1931, the defendant filed a claim of appeal from the denial of the motion for new trial and thereafter filed an assignment of errors. The Commonwealth contends that the defendant should have sought review of the denial of his motion for a new trial by a bill of exceptions and not by an appeal. We do not pass upon that question since in any event the ultimate decision must be against the defendant. In "such case there seems to be no objection to stating the grounds of substantive law which support the result." *Commonwealth* v. *McNary*, 246 Mass. 46, 48, and cases cited. The defendant contends that the judge erred in not stating separately such findings of fact and rulings of law as he made on each question raised by the motion for new trial in denying that motion. "The judge was not required to make findings of fact. His duty was to pass upon relevant requests for rulings of law and to decide the motion for new trial." *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25. The defendant filed no requests for rulings of law at the hearing on the motion for new trial. Other complaints now made by the defendant have to do with statements made by the district attorney in his opening which were not supported by evidence later introduced, with a certain portion of the judge's charge on the subject of intent and with an alleged lack of

fullness in the charge. All these matters might have been, but were not, raised at the trial. Such matters cannot be raised as of right for the first time on a motion for new trial. *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 248. *Vengrow* v. *Grimes*, 274 Mass. 278, 280. The disposition of the motion was left to the sound judicial discretion of the judge. *Commonwealth* v. *Barney*, 258 Mass. 609. An examination of the transcript of the evidence and the summary of the record fails to show that there was any abuse of discretion by the judge in denying the defendant's motion for new trial.

A question has arisen in the mind of the court whether the sentence imposed was in excess of what the law permits. (*Commonwealth* v. *Andler*, 247 Mass. 580, 582.) That question is based on the circumstance that the indictment does not appear to have been framed upon G. L. (Ter. Ed.) c. 265, § 15A (St. 1927, c. 187, § 1), whereby a felony was created, but seemingly charged a simple assault and battery with words of aggravation, commonly regarded as a misdemeanor. *Commonwealth* v. *O'Donnell*, 150 Mass. 502, 503. *Commonwealth* v. *McCan*, 277 Mass. 199, 202–203. The sentence here imposed was appropriate for a felony but not for a misdemeanor. G. L. (Ter. Ed.) c. 279, § 15; c. 274, § 1. *O'Neil* v. *Commonwealth*, 165 Mass. 446. *Beard* v. *Boston*, 151 Mass. 96, 98. This question was not raised at the trial or at the hearing on the motion for a new trial, nor suggested in the arguments of counsel, and is not here decided. It is not before us since a sentence in excess of what the law permits is not void, but only voidable on appropriate proceedings. *Sennott's Case*, 146 Mass. 489, 492, 493.

*Denial of motion for new trial affirmed.*