COMMONWEALTH *vs.* FREDERICK N. EATON.

Suffolk.    November 12, 1973. — April 2, 1974.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Assault. Practice, Criminal,* Sentence.

One specifically charged under G. L. c. 265, § 13B, with indecent assault and battery on a child under the age of fourteen, and found to have committed an assault of an indecent nature, but not a battery, on the child was also charged with and might properly be convicted of the common law crime of simple assault and be sentenced therefor under § 13A.  [115-116]

In a criminal proceeding on a charge under G. L. c. 265, § 13B, of indecent assault and battery on a child under the age of fourteen, a finding that the defendant was guilty of so much of the charge as alleged an indecent assault on the child was interpreted by this court as a finding of guilty of the common law crime of simple assault.  [116-118]

Where, in a criminal proceeding on a charge under G. L. c. 265, § 13B, of indecent assault and battery on a child under the age of

fourteen, there was a finding of guilty of indecent assault, which this court interpreted as a finding of guilty of the common law crime of simple assault, and a sentence permissible under either § 13B or § 13A, and it was not apparent whether the sentence was imposed under § 13A for simple assault or under § 13B for some offense thought by the judge to be included in § 13B, this court vacated the judgment and ordered that the defendant be re-sentenced in the Superior Court under § 13A for simple assault. [119-120]

COMPLAINT received and sworn to in the Municipal Court of the Dorchester District on December 19, 1972.

On appeal to the Superior Court the case was heard by *McLaughlin*, C.J., without jury.

*Margaret Durham McGaughey (Harvey M. Pullman* with her) for the defendant.

*Alfred E. Saggese, Jr.*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J.   The defendant was charged by complaint with indecent assault and battery on a child under the age of fourteen.  G. L. c. 265, § 13B.[1]  After trial before a judge sitting without jury in proceedings conducted under G. L. c. 265, §§ 33A-33G, the defendant was found guilty of so much of the complaint as charged an indecent assault on a child under the age of fourteen and sentenced to two and one-half years in a house of correction.  The errors assigned and argued (see Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 [1972]) are (1) the denial of the defendant's request for a ruling that "consent may be a defense to indecent assault and battery on a child under fourteen years of age," and (2) a ruling

---

[1] General Laws c. 265, § 13B, as appearing in St. 1958, c. 189, provides: "Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished by imprisonment in the state prison for not more than five years, or in jail for not more than two and one half years, or by a fine of not more than five hundred dollars; and whoever commits a second or subsequent such offence shall be punished by imprisonment in the state prison for life or for any term of years."

that an indecent assault is a lesser included offense of the crime set out in § 13B.

There was evidence to the effect that the defendant, driving an automobile, saw the complainant, a boy under the age of fourteen, walking along a street, and stopped and offered him a ride. The boy accepted. While riding the defendant suggested that the boy could "make an easy five dollars" but did not elaborate. The defendant then drove to a house belonging to his mother or grandmother; induced the boy to accompany him to the third floor, and to take off his jacket; told the boy to unbutton his trousers, and then approached the boy and himself unbottoned the top button, causing the zipper to drop. At that point the complainant buttoned his trousers, threatened to scream unless permitted to leave, and ran downstairs and outside.

The assignment by which the defendant seeks to establish that consent may be a defense to the crime charged raises an issue not presented by the case. The judge did not rule that consent is immaterial in law. Rather, he specifically stated that he was not so ruling because on the evidence before him there was no consent. Such a finding was more than amply warranted.

Of more substance is the assignment challenging the judge's ruling that indecent assault is a lesser offense included in the statutory crime of indecent assault and battery under § 13B.[2] The defendant argues that no such crime is to be found in the common law or in our statutes.

---

[2]The judge accepted the defendant's argument that the unbuttoning of the complainant's trousers did not constitute a battery sufficient to make out the crime described by G. L. c. 265, § 13B. The defendant argued that § 13B requires that the battery itself be "indecent" in the sense that it must be shown that the child's private parts were touched. Courts in other jurisdictions have construed statutes punishing the taking of "indecent liberties" with a minor as not necessarily requiring that there be such a touching. *People* v. *Kirilenko*, 1 Ill. 2d 90, 95 (1953). *People* v. *Hicks*, 98 Mich. 86, 90 (1893). *State* v. *Rolfe*, 151 Minn. 261, 263 (1922). *State* v. *Jensen*,

The Commonwealth does not contend that such a crime exists at common law: indeed, such a contention would be difficult to sustain. See *Commonwealth* v. *McCan,* 277 Mass. 199, 201 (1931). Nor can we accept the Commonwealth's argument that § 13B implicitly creates a statutory crime of indecent assault. The only crime set forth in that section is "an indecent assault and battery on a child under the age of fourteen." Its placement in c. 265 immediately following § 13A, which prescribes the penalty for "*an assault or* an assault and battery" (emphasis supplied), suggests by comparison of language that the omission of the words "an assault or" from § 13B was deliberate and that no new crime of indecent assault was contemplated by the Legislature. In any event we cannot extend a criminal statute by implication. *Commonwealth* v. *Paccia,* 338 Mass. 4, 6 (1958), and cases cited.

The Commonwealth takes the position, however, that even if there is no separate crime of indecent assault, the finding in the present case is not a nullity but stands as a conviction of the common law misdemeanor of simple assault, and that the defendant may therefore be sentenced in accordance with G. L. c. 265, § 13A.[3]

The defendant contends that his conviction may not be treated as one of simple assault, for two reasons. First,

---

5 Wash. App. 636, 639 (1971). Contra, *State* v. *Chicorelli,* 129 Conn. 601, 603 (1943). More recent statutory enactments have tended to define the offense in terms of specific acts, usually requiring actual contact. See Conn. Gen. Sts. (1972 Rev.) §§ 53a-78 to 53a-80; Ill. Rev. Sts. c. 38, § 11-4; 39 McKinney's Consol. Laws of N. Y. Anno. §§ 130-55, 130-65 (Supp. 1972). See also Ind. Sts. Ann. § 10-403 (Burns 1956), which specifically makes punishable the unbuttoning of clothing, the act committed in the present case. As resolution of this question is unnecessary to the decision in this case, we express no opinion as to whether the evidence here warranted a conviction of the full crime set out in § 13B.

[3] Section 13A does not create or define the crime of assault, which is a common law offense, but merely prescribes the penalty therefor. *Commonwealth* v. *Slaney,* 345 Mass. 135, 138 (1962).

he argues that by the passage of St. 1953, c. 299, whereby G. L. c. 265, § 13B was inserted, the Legislature preëmpted or superseded the common law as it applies to the area of indecent assaults on children under fourteen. But the case he relies on, *Commonwealth* v. *Cooley,* 10 Pick. 35 (1830), does not support his argument: the statute there in issue revised the whole subject matter of the crime of disinterring dead bodies and was inconsistent in at least one respect with a hypothesis that the common law might remain in force. By § 13B the Legislature has prescribed a more severe penalty for a particular class of offenses theretofore punishable only under the broad purview of § 13A. It does not seem reasonable to infer that the Legislature intended to exclude from the ambit of § 13A a class of offenses not made punishable under § 13B; nor would § 13B provide us any guidance in determining the limits of the class of offenses so excluded. Rather, we read § 13B as having no effect on any offense not made punishable thereunder. It follows that an assault of an indecent nature on a child under fourteen, with no battery, remains punishable under § 13A as a simple, or common law, assault.

Second, the defendant argues that he was charged with a violation of § 13B, not § 13A, and that to permit him "to be charged under one statute and convicted of a totally separate crime under a different statute poses grave problems in the light of the Due Process requirement that a defendant be given notice of the charges against him and an opportunity to defend himself." This contention is phrased anomalously, because § 13A does not define an offense (see fn. 3). The question properly raised is whether a simple, or common law, assault is a "totally separate crime" or is a part, and a necessary element, of the crime of indecent assault and battery on a child under fourteen.

There is no doubt that a defendant may validly be convicted of a lesser included offense of the crime charged in an indictment or complaint. Thus, a defend-

ant charged with murder may be convicted of man-slaughter (*Persampieri* v. *Commonwealth*, 343 Mass. 19, 21 [1961], and cases cited), and one charged with assault and battery may be convicted of simple assault (*Commonwealth* v. *Stratton*, 114 Mass. 303, 304 [1873]). It is of no consequence that the greater offense is a felony and the lesser one is a misdemeanor (*Commonwealth* v. *Squire*, 1 Met. 258, 260-262 [1840]), and it is well settled that simple assault is a lesser included offense of such common law felonies as robbery (*Commonwealth* v. *Mahoney*, 331 Mass. 510, 513 [1954]) and rape (*Commonwealth* v. *Creadon*, 162 Mass. 466 [1894], and cases cited; *Commonwealth* v. *McCan*, 277 Mass. 199, 202-203 [1931]). Nor is the rule any less applicable where, as here, the felony charged is a purely statutory one: simple assault is also a lesser included offense of such felonies as assault with intent to murder (*Commonwealth* v. *Lang*, 10 Gray 11, 13-14 [1857]), assault with intent to maim (*Commonwealth* v. *McGrath*, 115 Mass. 150 [1874]; see *Commonwealth* v. *Blaney*, 133 Mass. 571 [1882]), assault with intent to commit robbery (*Commonwealth* v. *McLaughlin*, 12 Cush. 612, 615 [1853]), assault with intent to commit rape (*Commonwealth* v. *McKay*, 363 Mass. 220, 228-229 [1973], and cases cited), and assault and battery by means of a dangerous weapon (cf. *Commonwealth* v. *Walsh*, 132 Mass. 8, 10 [1882], and cases cited; *Commonwealth* v. *Morgan*, 280 Mass. 392, 394 [1932]) — all felonies which, like the one charged in the present case, were created by provisions now found in G. L. c. 265.[4]  *Commonwealth* v. *O'Donnell*, 150 Mass. 502, 503 (1890). *Commonwealth* v. *Morgan, supra. Commonwealth* v. *Demboski*, 283 Mass. 315, 321-324 (1933). It follows that a complaint or indictment properly charging indecent assault and battery on a child under fourteen also charges a common law assault and battery, and an assault only.

[4] See G. L. c. 265, §§ 15, 15A, 18, 20, 24.

We interpret the finding in the present case as one that the defendant was guilty of a simple assault which "consisted in taking indecent and lascivious liberties with the person of" the complainant. *Commonwealth* v. *Kendall,* 113 Mass. 210 (1873). Though the form of the finding is improper, it is not readily distinguishable from a general verdict or finding of guilty on an indictment or complaint charging "indecent assault," in which case the word of aggravation would be treated as surplusage and the verdict or finding as one of guilty of simple assault. See *Commonwealth* v. *McCan, supra,* at 201, and cases cited. The present case is also analogous to those in which a portion of a verdict or finding cannot stand because that portion was not alleged (*Commonwealth* v. *Fischblatt,* 4 Met. 354, 356 [1842]) or not proved (*Commonwealth* v. *Novicki,* 324 Mass. 461, 467 [1949]), and, in our opinion, is governed by the same rule: "So far as the verdict [or finding] rendered is legally and properly rendered, it may avail for the purposes of judgment and sentence." *Commonwealth* v. *Novicki, supra,* at 467, and cases cited. The judge's finding that the defendant is guilty of an indecent assault on a child under the age of fourteen is therefore in law a finding that the defendant is guilty of an assault.

The defendant was sentenced to two and one-half years in a house of correction. Such a sentence may be imposed upon a person convicted under § 13B. It is also the maximum sentence prescribed for a simple assault by G. L. c. 265, § 13A. We cannot be certain upon the record before us whether the judge was imposing a sentence under § 13A for simple assault, or under § 13B for some other offense he thought was comprehended within that section. Under the circumstances we feel that the defendant is entitled to be sentenced again. "Of course, the circumstances of aggravation may be considered, but we cannot know that the sentence would be the same." *Commonwealth* v. *Crowley,* 167 Mass. 434, 442 (1897).

The judgment is vacated, and the defendant is to be resentenced in the Superior Court, in accordance with the provisions of G. L. c. 265, § 13A, as upon a finding of guilty of an assault.

*So ordered.*