## COMMONWEALTH vs. JOSEPH JAMES MARZILLI.

Middlesex. March 1, 2010. - June 9, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Attempt. Indecent Assault and Battery.*

This court concluded that an indictment alleging an attempt to commit a crime
in violation of G. L. c. 274, § 6, namely, indecent assault and battery of a
person over the age of fourteen, charges a felony offense that is cognizable
under the laws of the Commonwealth, where attempt to commit a crime is
a discrete crime with its own elements, and where it was theoretically pos-
sible for the Commonwealth to prove that the defendant had a conscious
purpose to commit the underlying offense, that he engaged in an overt act
toward its commission, and that the substantive crime was not achieved.
[65-68]

INDICTMENT found and returned in the Superior Court Depart-
ment on July 1, 2008.

Questions of law were reported to the Appeals Court by *Paul
A. Chernoff,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Michael W. Ford* (*Terrence W. Kennedy* with him) for the
defendant.

*Bethany Stevens,* Assistant District Attorney (*Elizabeth A.
Dunigan,* Assistant District Attorney, with her) for the Com-
monwealth.

*Andrew S. Crouch,* for Committee for Public Counsel Ser-
vices, amicus curiae, submitted a brief.

MARSHALL, C.J. The defendant, Joseph James Marzilli, was
indicted on seven charges, including attempt to commit a crime
in violation of G. L. c. 274, § 6,[1] namely, indecent assault and

---

[1]General Laws c. 274, § 6, provides in relevant part: "Whoever attempts to
commit a crime by doing any act toward its commission, but fails in its
perpetration, or is intercepted or prevented in its perpetration, shall . . . be

battery on a person over the age of fourteen. See G. L. c. 265, § 13H.[2] Prior to trial, a Superior Court judge reported the case to the Appeals Court, pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004), together with two questions concerning that charge:

> "Does an [i]ndictment alleging an [a]ttempt to [c]ommit the [c]rime of [i]ndecent [a]ssault and [b]attery charge a felony offense that is cognizable under the laws of the Commonwealth? If not, is the [i]ndictment a nullity or is it one which should be read to charge the misdemeanor of [a]ssault or another offense?"

We transferred the case here on our own motion and conclude that the answer to the first question is "Yes." We need not, therefore, answer the second question.

*Discussion.* The defendant argues that the answer to the first reported question must be "no," asserting that this case is controlled by *Commonwealth* v. *Eaton,* 2 Mass. App. Ct. 113 (1974) *(Eaton).* The defendant in *Eaton* was charged with indecent assault and battery of a child under the age of fourteen, but the undisputed evidence revealed that the defendant, while engaging in conduct that could be deemed "indecent," had not actually touched the complainant, and therefore there was no evidence of "battery." The trial judge, sitting without a jury, found the defendant guilty of what the judge termed a lesser included offense of indecent assault. The Appeals Court, however, concluded that there was no statutory or common-law offense of "indecent" assault, and therefore, the defendant's conviction could not stand. The court went on to conclude that the defendant could be convicted of a lesser included offense of simple assault, a recognized common-law crime punishable under G. L. c. 265, § 13A, and remanded the case for resentencing under that statute. *Id.* at 118-119.

---

punished as follows: . . . . Second, by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one half years, if he attempts to commit a crime . . . punishable by imprisonment in the state prison for life or for five years or more."

[2] General Laws c. 265, § 13H, provides: "Whoever commits an indecent assault and battery on a person who has attained age fourteen shall be punished by imprisonment in the state prison for not more than five years, or by imprisonment for not more than two and one-half years in a jail or house of correction."

As was the case in *Eaton*, the defendant's argument is that there is no evidence in this case of any indecent or offensive touching, or "battery." He claims that, because an attempt to commit a battery (irrespective of whether it is indecent) is defined as an "assault," see *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983), and because, as *Eaton* points out (see *Eaton, supra* at 116), there is no common-law or statutory crime of "indecent assault," it follows that attempted indecent assault and battery is not cognizable under G. L. c. 274, § 6. We disagree.

Attempt to commit a crime, G. L. c. 274, § 6, is a discrete crime with its own elements. In contrast to the defendant in *Eaton, supra*, the defendant here has not been charged substantively with an indecent assault and battery crime, but only with a violation of the attempt statute. The fact that there is no crime of indecent assault that might serve as a lesser included offense of indecent assault and battery, *Eaton, supra* at 117, does not by itself preclude prosecution of *attempted* indecent assault and battery under the attempt statute. Nothing in *Eaton* is to the contrary. Because the defendant in *Eaton* was not charged under G. L. c. 274, § 6, the Appeals Court did not address whether he could have been charged under that statute.

Separated into its component parts, a conviction of attempt under G. L. c. 274, § 6, requires "an intention to commit the underlying offense, [and] also an overt act toward its commission." *Commonwealth* v. *Ortiz*, 408 Mass. 463, 470 (1990) (absent evidence of· overt act, evidence insufficient to support conviction of attempted assault and battery by means of dangerous weapon). Accord *Commonwealth* v. *Bell*, 455 Mass. 408, 412 (2009). It also requires proof that the substantive crime was *not* achieved. *Id.* The question, therefore, is whether in the present case, where "the underlying offense" is indecent assault and battery, it is theoretically possible for the Commonwealth to prove each of these three elements. With respect to the element of an "overt act" toward the commission of the crime, no one appears to dispute that the Commonwealth, at least as a matter of theory, can meet its burden; the indictment against the defendant alleges such an overt act in some detail. Nor is there disagreement that the substantive crime of indecent assault and battery was not accomplished. Accordingly, we are concerned here only

with the question whether it is possible for the Commonwealth to prove intent to commit an indecent assault and battery.

An indecent assault and battery is "an intentional, unprivileged and indecent touching of the victim." *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991), quoting *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 43-44 (1985). Thus, to prove the intent element, the Commonwealth must prove that the defendant intended — had a conscious purpose, see *Commonwealth* v. *Gunter*, 427 Mass. 259, 268-269 (1998) — to commit an indecent or offensive touching of the complainant without her consent. See *Commonwealth* v. *Burke*, *supra* at 482-484. We can discern no logical or theoretical bar to the Commonwealth's ability to do so. Contrast *Commonwealth* v. *Hebert*, 373 Mass. 535, 537 (1977) (crime of attempted involuntary manslaughter logically impossible, because attempt to commit crime requires proof of intent to commit that particular crime and involuntary manslaughter is homicide *unintentionally* caused).

General Laws c. 274, § 6, criminalizes an "attempt" to commit a "crime," without limiting its application (insofar as is relevant here) to particular substantive crimes. While a defendant may not be prosecuted under G. L. c. 265, § 13H, for indecent assault without a completed battery, *Eaton*, *supra*, the fortuity that the defendant failed in his attempt to complete a crime does not absolve him from responsibility for it. An attempted indecent assault and battery under § 13H, may serve as a predicate offense under G. L. c. 274, § 6.

Our answer is supported by the observation that the Legislature has recognized the viability of a charge of attempted indecent assault and battery in other contexts. For example, attempt to commit indecent assault and battery is a sex offense for purposes of the sex offender statute, G. L. c. 6, § 178C, and the statute providing for community parole supervision for life, G. L. c. 265, § 45. In addition, the Legislature specifically has excluded some crimes from the operation of the attempt statute, but not aggravated forms of assault and battery. See G. L. c. 274, § 6 (certain larcenies). Presumably, if the Legislature had intended to exclude indecent assault and battery from operation of the attempt statute, it would have done so directly. Finally, the attempt statute has existed in some form since 1832 (St. 1832, c. 62), and was last amended in 1924. St. 1924, c. 164. Both

statutes proscribing indecent assault and battery, G. L. c. 265, § 13B (children under the age of fourteen), and G. L. c. 265, § 13H (persons over the age of fourteen), were passed decades later, and we presume the Legislature was aware of the attempt statute, G. L. c. 274, § 6, when it criminalized aggravated forms of assault and battery. *Paquette* v. *Commonwealth*, 440 Mass. 121, 130 (2003) (Legislature presumptively aware of existing statutes when it enacts or amends statutes).

*Conclusion.* We answer the first reported question in the affirmative and decline to answer the second reported question. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*