COMMONWEALTH *vs.* EDWARD J. COVE.

Norfolk. March 2, 1998. - May 19, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Abuse Prevention. Practice, Criminal,* Required finding.

At the trial of a complaint for violation of a protective order issued under
G. L. c. 209A, the defendant was entitled to a required finding of not
guilty, where the evidence in telephone company records that the defendant
had placed telephone calls to a number listed to his wife's employer was
not sufficient to prove that the defendant "contact[ed]" his wife in viola-
tion of the order. [475-476]

COMPLAINT received and sworn to in the Dedham Division of
the District Court Department on September 19, 1995.

The case was tried before *Kathleen E. Coffey,* J.

·The Supreme Judicial Court on its own·initiative transferred
the case from the Appeals· Court.

*Mark R. Meehan* for the defendant.

*Brian A. Wilson,* Assistant District Attorney, for the Com-
monwealth.

ABRAMS, J. A jury of six convicted the defendant, Edward J.
Cove, on two counts of violating a G. L. c. 209A restraining
order not to "contact" Leanne Cove, his estranged wife.[1] See
G. L. c. 209A, § 7. The defendant appealed, and we transferred
the case to this Court on our own motion. The defendant argues
that the judge should have allowed his motion for a required
finding of not guilty because there was no evidence that the
telephone calls he allegedly placed to his estranged wife's
employer reached her "voice mail."[2] Because we agree with

---

[1] A third such count was dismissed by the Commonwealth with the
defendant's assent.

[2] The defendant also argues that the judge's instructions to the jury
improperly allowed him to be convicted for an "attempted contact" rather
than an "actual contact." On the result we reach, we need not discuss this is-
sue.

the defendant that the evidence was insufficient to support a verdict of guilty, we reverse and order judgment for the defendant.

In reviewing the denial of a motion for a required finding of not guilty, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original). *Commonwealth* v. *James*, 424 Mass. 770, 784 (1997), quoting *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), *S.C.*, 423 Mass. 129 (1996). "When assessing the sufficiency of the evidence, we resolve issues of credibility in favor of the Commonwealth; '[i]t does not matter that some of the evidence could be characterized as equivocal or contradictory.' " *Commonwealth* v. *James*, *supra* at 785, quoting *Commonwealth* v. *Ruci*, 409 Mass. 94, 97 (1991). Accordingly, we summarize the facts, viewing the evidence in the light most favorable to the Commonwealth.

The defendant and Leanne Cove were married in February, 1992. By December, 1992, the couple had separated and filed for divorce. On May 12, 1995, the estranged wife applied for and received a restraining order against the defendant, which provided in part, "YOU ARE ORDERED NOT TO CONTACT [the estranged wife] . . . either in person, by telephone, in writing, or otherwise, either directly or through someone else." The order was to expire on May 10, 1996.

On July 26, 1995, the defendant's estranged wife was living with her parents, Ronald and Janice Bishop. On that date at about 4 P.M., Ronald Bishop saw the defendant using a public telephone outside a drug store. Noticing Bishop, the defendant smiled at him, hung up the phone, and walked to his own car. Bishop, after noting the defendant's registration number, went to the Boxford police department. On the advice of an officer there, he returned to his home and dialed "*57" on his telephone to trace the last call received. Telephone company records revealed that a call had been placed from outside the drug store to the Bishop home.[3] In addition to the call to the Bishop home, there were telephone records showing that, at 3:57 and 3:58 P.M. on July 26, 1995, two calls had been placed from the public telephone to a toll-free number at the company that employed

---

[3]This call was the subject of the dismissed count. See note 1, *supra*.

the defendant's estranged wife. The calls lasted thirty-six and thirty seconds, respectively. This toll-free number went directly to the employer's voice-mail system.

From these facts, a rational jury could conclude that the defendant placed the two calls to his estranged wife's employer. There was no evidence, however, that a message had been left for her or anyone else, that the caller had reached her "voice mail," or even that she knew before trial that the calls had been made. In these circumstances, the Commonwealth did not prove an essential element of the crime, namely, the "contacting" of his estranged wife. The Commonwealth has failed to carry its burden of proving every essential element of the crime. We therefore conclude that the defendant's motion for a required finding of not guilty should have been allowed.

*Judgments reversed.*

*Verdicts set aside.*

*Judgments for defendant.*