# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41676

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PATRICIO ESCOBAR, III,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Patricio Escobar, III, appeals his sentence, arguing that the district court erred by denying him a mitigating-role reduction and by adding three criminal history points for his 1991 Texas burglary-of-a-vehicle conviction. Detecting no clear error, we affirm the court's denial of the requested mitigating-role reduction. We further find that Escobar did not preserve in the district court the second argument that he raises on appeal. Accordingly, we affirm the sentence.

**I**

Upon Escobar's plea of guilty to possession with intent to distribute approximately 176 kilograms of marijuana, the Probation Office's presentence

investigation report ("PSR") calculated the recommended punishment range under the United States Sentencing Guidelines. It set the base offense level at 24 pursuant to U.S.S.G. § 2D1.2(a)(5). Two points were subtracted for Escobar's acceptance of responsibility. It set Escobar's criminal history category as V because it determined that he received 11 criminal history points based on his prior convictions, three of which were added because of Escobar's 1991 Texas burglary-of-a-vehicle conviction. A total offense level of 22 and criminal history category of V resulted in a recommended imprisonment range of 77 to 96 months.

Escobar raised two objections to the PSR. First, he requested a mitigating-role reduction under U.S.S.G. § 3B1.2, arguing that he was merely a courier of the drugs and worked under the direction of others. Second, Escobar argued that no criminal history points should apply to his 1991 conviction. The district court overruled both objections; it adopted the PSR entirely except that it granted an additional 1-point reduction for acceptance of responsibility. With a new total offense level of 21 and a criminal history category of V, the recommended range of imprisonment was 70 to 87 months. The district court sentenced Escobar to 87 months' imprisonment, to be followed by a five-year term of supervised release. He timely appealed.

## II

Escobar first argues that it was clear error for the district court to deny him a mitigating-role reduction. Under U.S.S.G. § 3B1.2:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
> In cases falling between (a) and (b), decrease by 3 levels.

## No. 15-41676

The focus of this reduction is the defendant's relative culpability based on his or her level of involvement in the specific crime for which he or she was convicted.[1] The commentary to § 3B1.2 explains that, in deciding whether the reduction applies, the court should consider the "totality of the circumstances," and the determination will be "heavily dependent upon the facts of the particular case."[2] A defendant seeking a mitigating-role reduction has the burden of proving its applicability, and we review the district court's factual finding whether it applies for clear error.[3]

Here, the district court did not clearly err by denying Escobar a reduction for his role in the transportation of marijuana because the facts of the case lend support to the court's finding that a reduction was not appropriate. Escobar was arrested alone, having driven a truck carrying marijuana alone. When federal agents attempted to stop his truck, he fled, first in his truck, then on foot. When the officers caught him, he resisted to the point of having to be tased. The tasing was ineffective, and Escobar then ran toward a group of

---

[1] *See* U.S.S.G § 3B1.2 cmt. 3(A) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.").

[2] *Id.* cmt. 3(C). The commentary also provides a non-exhaustive list of factors a court should consider:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

[3] *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *see United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005) ("A factual finding is not clearly erroneous if it plausible in light of the record read as a whole.").

individuals hiding in a bush yelling in Spanish, then turned and said to the pursuing agents: "We are waiting for you in here." It was later discovered that Escobar had been transporting 22 bundles of marijuana, totaling 176.52 kilograms. Importantly, Escobar has not presented evidence of the involvement of other individuals in the criminal activity, instead arguing that the fact he was only a courier was sufficient itself to justify a mitigating-role reduction. On this record, the district court could have plausibly found that Escobar was an "average" rather than "minor" participant in the offense.

Escobar argues that the district court's statements at sentencing evidence its application of a *per se* rule that no drug courier could qualify for a mitigating-role reduction. We disagree. To the contrary, the judge's statements, while exhibiting frustration with the Guidelines, show that she would give the Guidelines due consideration as written. To the extent Escobar argues that the court should have weighed the § 3B1.2 commentary factors on the record, it is the law of this Circuit that sentencing courts need not do so.[4]

This case is distinguishable from *United States v. Sanchez-Villarreal*, where the district court had specifically stated that it had considered the defendant's actions to be "critical" or indispensable to the criminal activity, *per*

---

[4] *Torres-Hernandez*, 843 F.3d at 209. Escobar directs us to two out-of-circuit opinions, which he says hold that a district judge is required to expressly weigh the factors on the record. *See United States v. Cruickshank*, 837 F.3d 1182, 1195 (11th Cir. 2016) ("On remand, the district court should perform an inquiry based on the totality of the circumstances, taking into account the variety of factors laid out in *De Veron* and Amendment 794."); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("The Amendment makes clear that a district court should consider all of the factors set forth in the Amendment . . . . Because the record is unclear as to whether the court considered all the factors, we reverse and remand for the district court to sentence [the defendant] with the benefit of the newly amended § 3B1.2."). Even assuming those cases stand for the proposition that Escobar proffers, we are bound to the prior holding of *Torres-Hernandez* to the contrary. *See Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 383 (5th Cir. 1999) ("[T]he rule of orderliness forbids one of our panels from overruling a prior panel . . . .").

*se* requiring the denial of a mitigating-role reduction.[5] That *per se* rule contradicted the then-recently updated commentary to § 3B1.2, which now states that indispensability alone is not determinative in deciding whether the mitigating-role reduction applies.[6] Here, the district court applied no such *per se* rule.

Additionally, the sentencing hearing in *Sanchez-Villarreal* occurred before the effective date of Amendment 794 to § 3B1.2, so the court could not have considered the new guidance.[7] We vacated and remanded to give the court an opportunity to consider the Sentencing Commission's new comments.[8] Here, the amendments to the commentary of § 3B1.2 were in effect at the time of Escobar's sentencing, and the judge had the opportunity to consider them.

Because we find no clear error, we affirm the denial of the requested mitigating-role reduction.

## III

Next, Escobar argues that the district court erred when it added three criminal history points based on his 1991 Texas conviction for burglary of a vehicle. However, while he made a similar objection to the district court, he never made the specific arguments in support that he now urges on appeal. We thus cannot say that he has preserved the arguments for our review, and because the district court did not plainly err, we affirm.

The crux of Escobar's argument is that his 1991 conviction occurred too long ago to qualify for any criminal history points under the Guidelines. For three-point convictions like the one at issue:

---

[5] *See* 857 F.3d 714, 721 (5th Cir. 2017) (holding that the district court erred by giving "conclusive weight" to the finding that the defendant's role was "critical").

[6] *See* U.S.S.G. § 3B1.2 cmt. 3(C) ("The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.").

[7] *Sanchez-Villarreal*, 857 F.3d at 718.

[8] *Id*. at 722.

No. 15-41676

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.[9]

Escobar says that his 1991 conviction does not qualify because it did not result in his "being incarcerated" during any part of the fifteen-year period prior to the commencement of the instant offense.

In the PSR, the Probation Office identified a period of confinement beginning in October of 2000 (so during the applicable fifteen-year period) that it believed supported counting the 1991 conviction. In Escobar's objections to the PSR, he argued that this period of confinement was *federal* rather than *state* custody, so it did not fall within U.S.S.G. § 4A1.2. More precisely, he argued:

> Mr. Escobar objects to the criminal history points assessed in paragraphs 27 and 28 of the PSR. It appears as if Mr. Escobar was paroled in 1998. In 2001, an attempt to revoke his parole was made, most likely based on his federal arrest in October 2000. However, because the matter was not heard until after his maximum discharge date of December 2, 2000, his parole was merely discharged. Although it says he was released, *it is not likely that he ever left federal custody and is unclear if he ever went back to state custody to continue his confinement period that would apply the 15-year time period* as stated in U.S.S.G. § 4A1.2. Thus, the six criminal history points should not apply.

The Probation Office revised the PSR to concede some of Escobar's other objections not relevant to this appeal, but also clarified that the period of confinement it identified beginning in October of 2000 was, indeed, state custody. It thus maintained its position that Escobar's 1991 conviction counted

---

[9] U.S.S.G. § 4A1.2(e)(1).

for three criminal history points. Escobar never filed additional or amended objections.

In fact, at the sentencing hearing, the district court pressed Escobar's counsel on this point:

> The Court:  All right. Now, let's look at the issue as far as the objections that you have raised, Ms. Medrano [defense counsel]. I went back and I looked at what we have.  *And your argument primarily, as I understood it, was that there was no indication, I guess, that he had not* [sic] *been in state custody,* and you indicated -- and I couldn't quite figure out where this -- you indicated that his federal arrest was in October of 2000. I went back and looked at that docket and the indication there is that he was in state custody at the time that the Indictment is filed, that he is then writted over and that it was issued on January 26, 2001, as I understand it.
>
> Defense Counsel: That was the response in the first addendum. I believe that Probation responded to that specifically. I believed he was in federal custody because, on the way the PSI was written, it said October 17th he was arrested for the carjacking.  And so I thought that that's why he got arrested and it wasn't clear from the body. *But when they filed the addendum, they clarified that he had actually been arrested on a warrant. And so on that issue we could really --*
>
> The Court: Okay.
>
> Defense Counsel: I mean, I believe what they are saying is true.
>
> The Court: Well, I looked directly at the docket for the case and that's the indication there, as well. So was there another objection, then?

Escobar's counsel went on to request a downward departure, and no more was said on the matter.

On appeal, Escobar shifts ground. His opening brief on this issue is primarily dedicated to arguing that residency in a *halfway house* does not

qualify as "incarceration" within the meaning of U.S.S.G. § 4A1.2, and further argues in one footnote that Escobar's state jail custody does not qualify because it was confinement pending a parole revocation hearing. Both are points on which the district court never held to the contrary because it was never presented with any such argument.

We must find that Escobar has forfeited the arguments upon which he now places his reliance on appeal because a defendant may not state one ground for his objection to the district court, then argue a different ground in the court of appeals.[10] As such, our review is for plain error only,[11] of which we perceive none. Escobar is able to direct us only to allegedly analogous, out-of-circuit authority in support of his arguments, and the position that he asks us to adopt is not a "straightforward application of the Guidelines."[12]

We affirm the district court's criminal history calculation.[13]

## V

For the foregoing reasons, the sentence of the district court is affirmed.

---

[10] *United States v. Sanchez-Espinal*, 762 F.3d 425, 429 (5th Cir. 2014).

[11] *Id.*

[12] *See United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017).

[13] The government in its brief never argued that Escobar forfeited this objection, and, in fact, directly states that review is "de novo." However, the court of appeals can insist on the observation of the contemporaneous-objection rule even where the appellee does not. *See Ward v. Stephens*, 777 F.3d 250, 257 n.3 (5th Cir. 2015) ("A party cannot waive, concede, or abandon the applicable standard of review.").