# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 15-41733

————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

ARIEL BERNAL-JACINTO, also known as Ariel Jacinto Bernal,

        Defendant - Appellant

-------------------------------------------------------------------------------------------

Consolidated with: 16-20148

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

SANTOS ORLANDO ESCOBAR GALO, also known as Santos O. Escobar, also known as Orlando Escorba, also known as Santos Orlando Escobar, also known as Santos Escobar-Galo,

        Defendant - Appellant

————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1157-1
USDC No. 4:15-CR-473-1

————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

No. 15-41733
Cons w/ No. 16-20148

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Ariel Bernal-Jacinto and Santos Orlando Escobar Galo appeal the 16-level increase to their base offense levels under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) based on prior Massachusetts convictions for assault and battery with a dangerous weapon ("ABDW").  Bernal-Jacinto and Escobar Galo contend that this enhancement should not have applied to their sentences because the Massachusetts crime of ABDW is not a crime of violence. Because our review is for plain error and the appellants failed to show that any error committed by the district court was plain, we AFFIRM.

## I.  Background

Both Bernal-Jacinto and Escobar Galo pleaded guilty to being found in the United States after a previous deportation in violation of 8 U.S.C § 1326(a) and (b).  Both appellants were assigned a base offense level of 8 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(a), and their presentence investigation reports recommended a 16-level enhancement under § 2L1.2(b)(1)(A)(ii).[1]  The 16-level enhancement for both appellants was based on a prior Massachusetts conviction for ABDW under Massachusetts General Laws Chapter 265 § 15A(b), which the probation officers determined was a crime of violence as defined by U.S.S.G. § 2L1.2, commentary application note 1(B)(iii).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bernal-Jacinto was sentenced under the 2014 edition of the Guidelines while Escobar Galo was sentenced under the 2015 edition.  The 2014 and 2015 editions of the Guidelines include identical enhancements and definitions for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This opinion, therefore, does not distinguish between these two editions of the Guidelines when referring to the sentencing enhancement and the definition for a crime of violence under § 2L1.2(b)(1)(A)(ii).

No. 15-41733
Cons w/ No. 16-20148

Escobar Galo did not object to the enhancement based on his prior ABDW conviction, but Bernal-Jacinto did object, arguing that Massachusetts ABDW is not a crime of violence because it can be accomplished by "touching, however slight" and does not require bodily injury.  The district court overruled Bernal-Jacinto's objections and determined that Massachusetts ABDW qualifies as an enumerated offense of aggravated assault.

Bernal-Jacinto's Guidelines range was 46 to 57 months, and the district court imposed a sentence of 50 months' imprisonment.   Escobar Galo's Guidelines range was 41 to 51 months, and the district court imposed a sentence of 45 months.  Both appellants now appeal their sentences.

## II.  Standard of Review

Escobar Galo concedes, and our review of the record confirms, that his appeal is subject to plain error review because he failed to object to the crime-of-violence determination before the district court.  Although Bernal-Jacinto objected to the enhancement, his current arguments on appeal (which focus on the intent required for the crime) were never raised before the district court.  Accordingly, both appeals are subject to plain error review.  *See United States v. Escobar*, 866 F.3d 333, 338 (5th Cir. 2017) (per curiam).  To establish plain error, a defendant "must show (1) an error (2) that was clear or obvious (3) that affected his substantial rights."  *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam).  If plain error is established, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  *Id.*  (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## III.  Discussion

U.S.S.G. § 2L1.2 authorizes a 16-level increase in a defendant's offense level if he was previously deported after a felony conviction for a crime of violence that receives criminal history points.  § 2L1.2(b)(1)(A)(ii).   The

commentary to § 2L1.2 defines a crime of violence in two ways: (1) any of a list of enumerated offenses, including aggravated assault, or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii).

We apply the "categorical approach" to determine whether a prior conviction qualifies as a crime of violence. *See United States v. Espinoza*, 733 F.3d 568, 571 (5th Cir. 2013); *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008). To determine whether the offense of conviction contains "as an element the use, attempted use, or threatened use of force," we examine the offense's elements. *United States v. Carrasco-Tercero*, 745 F.3d 192, 195 (5th Cir. 2014) (quoting *United States v. Ortiz-Gomez*, 562 F.3d 683, 684 (5th Cir. 2009)). To assess whether the crime of conviction amounts to an enumerated offense, such as aggravated assault, we apply a "common sense" approach that looks to the "generic, contemporary meaning" of the enumerated offense. *United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012). If a statute is divisible, we use the "modified categorical approach" in order to determine under which subsection the defendant was convicted. *United States v. Howell*, 838 F.3d 489, 494–95 (5th Cir. 2016).

It is undisputed that Massachusetts General Laws Chapter 265 § 15A is a divisible statute and that both appellants were convicted of ABDW under subsection (b) of that statute. Thus, the parties dispute only whether the ABDW offense of subsection (b) is a crime of violence.

"The substantive definition of [Massachusetts] ABDW . . . is supplied by case law applying the crime's common law definition." *United States v. Tavares*, 843 F.3d 1, 12 (1st Cir. 2016). The assault and battery portion of ABDW may be proved using either of two theories of liability: (1) "the intentional and unjustified use of force upon the person of another, however

slight" ("intentional ABDW"), *Commonwealth v. Burno*, 487 N.E.2d 1366, 1368–69 (Mass. 1986) (quoting *Commonwealth v. McCan,* 178 N.E. 633, 634 (Mass. 1931)), or (2) "the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another" ("reckless ABDW"), *id.* at 1369 (citing *Commonwealth v. Welansky,* 55 N.E.2d 902, 911–12 (Mass. 1944)).  Specific intent to injure is not required. *Commonwealth v. Appleby*, 402 N.E.2d 1051, 1059 (Mass. 1980).  Under either theory, however, to constitute ABDW the assault and battery must be committed by means of a dangerous weapon, and not merely while possessing the weapon.  *Id.* at 1058.  That is, the dangerous weapon must come into contact with the victim.  *Id.* at 1058–59.  The definition of a "dangerous weapon" is "any instrument or instrumentality so constructed or so used as to be likely to produce death or great bodily harm."  *Commonwealth v. Fettes*, 835 N.E.2d 639, 640 (Mass. App. Ct. 2005) (quoting *Commonwealth v. Farrell*, 78 N.E.2d 697, 702 (Mass. 1948)).

The appellants both contend that (1) the Massachusetts crime of ABDW is not divisible and (2) the second theory of liability, reckless ABDW, is not a crime of violence because the reckless means of committing the crime (a) does not qualify as the equivalent of generic aggravated assault and (b) does not have as an element the use, attempted use, or threatened use of physical force against the person of another.  Escobar Galo—but not Bernal-Jacinto—also argues that the first theory of liability, intentional ABDW, does not involve the use of force because it allows for any degree of force, "however slight."  Even assuming without deciding that Massachusetts ABDW is not divisible, we conclude that appellants have failed to discharge their burden as to the second prong of plain error review requiring a showing of clear or obvious error.

The appellants first argue that Massachusetts ABDW falls outside of the generic definition of aggravated assault because committing the crime requires

only the general intent of recklessness. For support, they point to our decision in *United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015). In *Hernandez-Rodriguez*, we determined that the Louisiana aggravated battery statute was not the equivalent of generic aggravated assault. 788 F.3d at 196–200. *Hernandez-Rodriguez* focused on the aspect of the Louisiana statute allowing aggravated battery to be predicated on poisoning someone. *See id.*; *see also id.* at 200 n.7 ("Unlike the obvious consequences of, say, swinging a knife at another person, administering a noxious substance may have chemical effects that are likely to produce harm to the victim but are not predicted or understood by the perpetrator."). More analogous to our case is the holding in *United States v. Guillen-Alvarez*, which did not involve the question of poisoning as a means of committing the assault. In that case, we held that recklessness does not take a crime outside of the scope of generic aggravated assault. *See* 489 F.3d 197, 198–200 (5th Cir. 2007); *see also United States v. Villasenor-Ortiz*, 675 F. App'x 424, 428 (5th Cir.) (per curiam), *petition for cert. filed* (U.S. June 2, 2017) (No. 16-9422). The statute at issue in *Guillen-Alvarez*, similar to reckless ABDW, criminalized "recklessly caus[ing] bodily injury to another" while "us[ing] or exhibit[ing] a deadly weapon during the commission of the assault." 489 F.3d at 199–200. Although reckless ABDW requires only a "dangerous" rather than "deadly" weapon, this requirement has been interpreted to mean "any instrument or instrumentality so constructed or so used as to be likely to produce death or great bodily harm." *Fettes*, 835 N.E.2d at 640 (quoting *Farrell*, 78 N.E.2d at 702). Thus, it is neither clear nor obvious that reckless ABDW is not a crime of violence under the generic definition of aggravated assault.[2]

---

[2] While we conclude that the two cases are not in conflict, to the extent there is any conflict between *Hernandez-Rodriguez* and *Guillen-Alvarez*, *Guillen-Alvarez*, which was not cited in *Hernandez-Rodriguez*, would control because it is the earlier precedential opinion. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-

Furthermore, appellants have also failed to show that it is clear or obvious that reckless ABDW does not have as an element the use, attempted use, or threatened use of physical force against the person of another. Appellants argue—similar to their aggravated assault argument—that the general intent nature of reckless ABDW shows that there is no requirement for the use of force to commit the offense. But we have held that, in light of the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), "Guidelines provisions using the language 'has as an element the use, attempted use, or threatened use of physical force against the person of another' are indifferent to *mens rea*: we concern ourselves only with whether [the defendant's] predicate conduct was volitional." *United States v. Mendez-Henriquez*, 847 F.3d 214, 221–22 (5th Cir.), *cert. denied*, 137 S. Ct. 2177 (2017). Appellants also argue that reckless ABDW does not require the use of force because it is defined in terms of result (i.e., bodily injury) rather than the means by which the result is accomplished. However, reckless ABDW can only be accomplished "by means of a dangerous weapon," *see Appleby*, 402 N.E.2d at 1059, defined as "any instrument or instrumentality so constructed or so used as to be likely to produce death or great bodily harm," *Fettes*, 835 N.E.2d at 640 (quoting *Farrell*, 78 N.E.2d at 702). We have held that touching an individual with a dangerous weapon calculated to produce death or great bodily harm creates a sufficient threat of force to qualify as a crime of violence. *United States v. Herrera-Alvarez*, 753 F.3d 132, 141–42 (5th Cir. 2014).

As to intentional ABDW, we held in *Herrera-Alvarez* that an analogous crime of aggravated battery was a crime of violence under § 2L1.2 of the Guidelines because it "require[d] both physical contact and the use of a

---

settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

7

dangerous weapon 'which, in the manner used, [was] calculated or likely to produce death or great bodily harm.'" *Id.* (quoting LA. REV. STAT. § 14:2(3)). Intentional ABDW similarly requires both physical contact and the use of a dangerous weapon, *Appleby*, 402 N.E.2d at 1058–59, which is defined as "any instrument or instrumentality so constructed or so used as to be likely to produce death or great bodily harm," *Fettes*, 835 N.E.2d at 640 (quoting *Farrell*, 78 N.E.2d at 702). Thus, it is neither clear nor obvious that intentional ABDW is not a crime of violence. Indeed, the First Circuit has determined that intentional ABDW is a crime of violence under the force clause in U.S.S.G. § 4B1.2(a)(1). *Tavares*, 843 F.3d at 13. The force clause in § 4B1.2(a)(1) is identical to the force clause in the Guidelines section at issue here, § 2L1.2(b)(1)(A)(ii). *See* § 2L1.2 cmt. n.1(B)(iii). The First Circuit, therefore, essentially rejected the argument Escobar Galo asserts on appeal and that Bernal-Jacinto made before the district judge—i.e., that intentional ABDW may be committed without the requisite violent force to constitute a crime of violence under § 2L1.2(b)(1)(A)(ii). *See Tavares*, 843 F.3d at 12–13.

Accordingly, we need not decide whether the district court's determination was error because any error was not plain. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) ("[T]o satisfy the second prong of plain error inquiry, 'the legal error must be clear or obvious, rather than subject to reasonable [dispute].'" (alterations in original) (quoting *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009))).

AFFIRMED.