# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2021

Lyle W. Cayce
Clerk

No. 20-10683
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO LORENSITO GARRIDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-309-3

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Antonio Lorensito Garrido pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The district court varied downward from the advisory

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

guidelines range and sentenced him to 144 months in prison with five years of supervised release. On appeal, he challenges the denial of a mitigating-role adjustment under U.S.S.G. § 3B1.2 and the imposition of an enhancement under U.S.S.G. § 2D1.1(b)(5). We find no error and affirm.

Under § 3B1.2, a downward adjustment is available to a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." § 3B1.2, cmt. n.3(A). It is the defendant's burden to prove by a preponderance of the evidence that such an adjustment is warranted. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). To carry this burden, a defendant must show "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted). Whether a defendant is entitled to a § 3B1.2 adjustment is a factual determination reviewed for clear error, and "[a] factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks and citation omitted).

The commentary to § 3B1.2 provides a "non-exhaustive list of factors" for courts to consider in assessing culpability for purposes of this Guideline. *See* § 3B1.2, cmt. n.3(C)(i)–(v). As Lorensito Garrido notes, some of the factors tend to favor an adjustment here—for instance, there is no evidence that he planned or organized the criminal activity, or that he was involved in decision making. These "are only factors," however, *Torres-Hernandez*, 843 F.3d at 209, and "how those factors are weighed remains within the sentencing court's discretion," *id.* at 210. The focus of § 3B1.2 is the defendant's relative culpability, the determination of which is "heavily dependent" on the facts of his case. § 3B1.2, cmt. n.3(C); *see United States v. Escobar*, 866 F.3d 333, 335 (5th Cir. 2017). It is not apparent on this record

that Lorensito Garrido is substantially less culpable than the average participant in the offense, and the contrary determination of the district court is plausible in light of the record as a whole. Therefore, the determination was not clearly erroneous. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017); *Gomez-Valle*, 828 F.3d at 327.

Regarding the § 2D1.1(b)(5) enhancement, Lorensito Garrido argues it was unwarranted because he was entitled to a mitigating-role adjustment under § 3B1.2. This argument fails for the reasons given above. Lorensito Garrido also contends that the district court should not have imposed the enhancement because he was unaware the methamphetamine in question was imported. As he acknowledges, however, that argument is foreclosed by binding precedent. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014); *United States v. Serfass*, 684 F.3d 548, 550–53 (5th Cir. 2012); *see also Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

AFFIRMED.