**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DARLENE GRIFFITH,

    Plaintiff - Appellant,

v.

EL PASO COUNTY, COLORADO; BILL
ELDER, in his individual and official
capacities; CY GILLESPIE, in his
individual capacity; ELIZABETH
O'NEAL, in her individual capacity;
ANDREW MUSTAPICK, in his individual
capacity; DAWNE ELLISS, in her
individual capacity; TIFFANY NOE, in her
individual capacity; BRANDE FORD, in
her individual capacity,

    Defendants - Appellees.

------------------------------

DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND; THE ARC OF
THE UNITED STATES; AUTISTIC SELF
ADVOCACY NETWORK; AUTISTIC
WOMEN AND NONBINARY
NETWORK; THE JUDGE DAVID L.
BAZELON CENTER FOR MENTAL
HEALTH LAW; THE COELHO CENTER
FOR DISABILITY LAW POLICY AND
INNOVATION; CIVIL RIGHTS
EDUCATION AND ENFORCEMENT
CENTER; DISABILITY LAW
COLORADO; DISABILITY RIGHTS
ADVOCATES; DISABILITY RIGHTS
BAR ASSOCIATION; IMPACT FUND;

No. 23-1135
(D.C. No. 1:21-CV-00387-CMA-NRN)
(D. Colo.)

NATIONAL ASSOCIATION FOR
RIGHTS PROTECTION AND
ADVOCACY; NATIONAL DISABILITY
RIGHTS NETWORK; TRANSGENDER
LEGAL DEFENSE & EDUCATION
FUND; UNITED STATES OF
AMERICA; AMERICAN CIVIL
LIBERTIES UNION; AMERICAN CIVIL
LIBERTIES UNION OF COLORADO;
JEREMIAH HO; M. DRU LEVASSEUR;
NANCY C. MARCUS; DARA E.
PURVIS; ELIOT T. TRACZ; ANN E.
TWEEDY; KYLE COURTENAY VELTE;
EZRA ISHMAEL YOUNG,

    Amici Curiae.

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, **CARSON**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.

_____

This matter is before the court on *Defendants'-Appellees' Petition for Rehearing En Banc* and *Appellant's Response to Petition for Rehearing En Banc*. The petition and the response were circulated to all judges of the court who are in regular active service, and a poll was called. The poll did not carry. Consequently, Appellee's request for en banc rehearing is DENIED.

Judges Tymkovich, Eid, and Carson would grant the petition. Judge Rossman has filed a separate concurrence in support of the denial of en banc rehearing, which is joined by Judge Federico. Judge Tymkovich has filed a separate dissent from the denial of en

2

banc rehearing, which is joined by Judge Eid and Judge Carson. Judge Hartz has filed a separate statement.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

*Griffith* v. *El Paso County, Colorado*, No. 23-1135

**ROSSMAN**, J., concurring in the denial of rehearing *en banc*

I respectfully concur in the denial of rehearing *en banc*. I write briefly only to address two points raised in the dissent to this denial, authored by my colleague Judge Tymkovich.

*First*, my colleague contends *en banc* rehearing was justified because "[t]he panel majority" in this case "avoided the central question." Dissent at 3. According to the dissent, this "central question" was the tension between *Turner* v. *Safley*, 482 U.S. 78 (1987)—which holds rational-basis review attends to most prison policies—and *United States* v. *Virginia* (*VMI*), 518 U.S. 515 (1996)—which holds intermediate scrutiny attends to all sex classifications. But the panel majority did not avoid anything. Instead, we adjudicated the arguments the parties actually raised. Insofar as *the dissent* raised and resolved the *Turner*/*VMI* tension *sua sponte*, we responded at some length. *See Griffith* v. *El Paso Cnty., Colo.*, 129 F.4th 790, 816–19 (10th Cir. 2025).

It is worth repeating: "In our adversary system, . . . in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw* v. *United States*, 554 U.S. 237, 243 (2008). To be sure, federal courts always maintain the authority

to construe the law correctly "[w]hen an issue or claim is properly before the court." *Kamen* v. *Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). But courts are not "self-directed boards of legal inquiry and research." *State* v. *EPA*, 989 F.3d 874, 885 (10th Cir. 2021) (quoting *NASA* v. *Nelson*, 562 U.S. 134, 147 n.10 (2011)). These principles state fundamental norms that govern the appellate process. When we abide them, we safeguard our own legitimacy. That the entire *Turner*/*VMI* tension is one "the dissent raise[d] and resolve[d] for Appellees," *Griffith*, 129 F.4th at 816, makes this case a particularly poor vehicle for further review.

*Second*, my colleague suggests transgender classifications are *not* sex classifications for Equal Protection purposes, contrary to our precedent in *Fowler* v. *Stitt*, 104 F.4th 770 (10th Cir. 2024). *See* Dissent at 1–2, 2 n.1. But that suggestion runs counter to *all parties'* litigation positions. Even the Appellees have represented to this court that Ms. Griffith was subject to sex classifications. *See* Aplee. July 3, 2024, Rule 28(j) Resp. at 2 (conceding "intermediate scrutiny would apply to their classification decisions made with respect" to Ms. Griffith, and arguing only that the Appellees "had not been given fair notice" of that standard of scrutiny). Nowhere in their petition for rehearing *en banc* did the Appellees argue otherwise.

2

23-1135, *Griffith v. El Paso County*

**HARTZ**, J., dissenting

Although I am not voting to en banc this case, I agree in full with Judge Tymkovich's dissent. Also, I fail to see why we should issue a mandate in this case at this time when it is so likely that the Supreme Court will give us guidance on a relevant important issue within the next few weeks. *See* Tymkovich dissent at 2 n.1.

23-1135, *Griffith v. El Paso County*

**TYMKOVICH**, Circuit Judge, dissenting in denial of petition for rehearing en banc.

This court is between a rock and a hard place.  The Supreme Court has held that "that the [rational basis] standard of review we adopted in *Turner* applies to all circumstances in which the needs of prison administration implicate constitutional rights."  *Washington v. Harper*, 494 U.S. 210, 224 (1990) (emphasis added) (citing *Turner v. Safley*, 482 U.S. 78, 85 (1987)).  But it also held in a later case that "all gender-based classifications today warrant heightened scrutiny," *United States v. Virginia*, 518 U.S. 515, 555 (1996) [*VMI*] (emphasis added) (quotations omitted).  This case puts those statements at odds because prison officials house inmates according to their sex.

Darlene Griffith is a transgender woman—biologically male but living according to her female identity.  El Paso County Jail housed her with other male prisoners based on her sex.  She claims this policy violates the Equal Protection Clause.  Her claim implicates both *VMI*'s heightened scrutiny for sex discrimination, and *Turner*'s rational basis review for prison regulations.

Rather than face the hard question of how to harmonize these holdings, relying on our case that applied intermediate scrutiny to transgender classifications, *see Fowler v. Stitt*, F.4th 770, 789 (10th. Cir. 2024) (quoting *Bostock v. Clayton Cnty.*, 590 U.S. 644, 660 (2020)), we found a plausible claim of sex discrimination.  Had we properly wrestled with the question, we would have concluded that *Turner* applies unless the Supreme Court explicitly creates a carveout for sex classifications in the prison context.  Even so, I do not think that transgender classifications are based on sex for purposes of the Equal

Protection Clause and that heightened scrutiny was impermissible for that reason as well.[1]

But we did not, so I respectfully dissent from the denial of rehearing en banc.

## I.

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. It is a constitutional requirement that "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). But the Equal Protection Clause "does not forbid classifications." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). And courts look more skeptically at some classifications than others. Ms. Griffith claims that El Paso County Jail's housing policy should receive intermediate scrutiny because it classifies inmates based on sex. *See VMI*, 518 U.S. at 533. But the Supreme Court has ruled that even "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. The Court clarified that it meant "*all* circumstances in which the needs of prison administration implicate constitutional rights." *Washington*, 494 U.S. at 224 (emphasis added).

---

[1] I should note that the Supreme Court in the pending *Skrmetti* case may hold that transgender classifications are subject to rational basis review for equal protection purposes. *See L. W. by & through Williams v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023) *cert. granted sub nom. United States v. Skrmetti*, 144 S. Ct. 2679 (2024). Ms. Griffith's argument at its core is not the propriety of men's and women's prisons, but that as a transgender woman she should be placed in the women's prison. That denial should be subject to rational basis review.

The panel majority avoided the central question.  It held that whether *Turner* controlled was unclear, so El Paso County's failure to thoroughly present the argument in its briefing was decisive.

This cannot be so.  The party presentation principle only prevents us from raising new issues; "it would be quite another to allow parties to stipulate or bind us to the application of an incorrect legal standard."  *Gardner v. Galetka*, 568 F.3d 862, 879 (10th Cir. 2009) (McConnell, J.).  The Supreme Court and other circuits agree.  *See, e.g.*, *Moody v. NetChoice, LLC*, 603 U.S. 707, 779–80 (2024) (Alito, J., concurring) (quoting *Gardner*, 568 F.3d at 879 (10th Cir. 2009)); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."); *Kairys v. Southern Pines Trucking, Inc.*, 75 F.4th 153, 160 (3rd Cir. 2023) ("But parties cannot forfeit the application of 'controlling law'"); *United States v. Escobar*, 866 F.3d 333, 339, n. 13 (5th Cir. 2017) (*per curiam*) ("A party cannot waive, concede, or abandon the applicable standard of review." (internal quotations omitted)).

## II.

Both *Turner* and *VMI* appear to sweep so broadly that they are irreconcilable.  Still as an inferior court we remain bound by both decisions and must seek to reconcile them.  A closer read of caselaw shows that *Turner* should control unless the right at issue "is not a right that need necessarily be compromised for the sake of proper prison administration."  *Johnson v. California*, 543 U.S. 499, 510 (2005).  And sex-based

housing raises safety concerns that obviously go to the heart of proper prison administration.

*Turner* counsels deference to prison officials so long as the regulation is "reasonably related to legitimate penological interests." *Turner* 482 U.S. at 89. "This is true even when the constitutional right claimed to have been infringed is fundamental, and the State under other circumstances would have been required to satisfy a more rigorous standard of review." *Washington*, 494 U.S. at 223 (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). The Supreme Court has carved a right out of *Turner* deference only once. In *Johnson*, the Supreme Court held that race-based discrimination was unnecessary for proper prison administration. 543 U.S. at 510–11. Even racial discrimination, "especially pernicious in the administration of justice," *id.* at 511 (internal quotations omitted), required an explicit carve-out from *Turner*. This exception proves the rule.

There is no *Turner* carve-out for sex discrimination, and it does not fit into the carve out for race. *See VMI*, 518 U.S. at 532 (refusing to "equat[e] gender classifications . . . to classifications based on race"). We cannot create a *Turner* carve-out, but even if we could, it would be unwise. Sex-segregated housing is necessary to "[m]aintain[] safety and order" and so courts should defer to prison officials. *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012). The D.C. Circuit has explicitly held "the segregation of inmates by sex is *unquestionably constitutional*." *Women Prisoners of D.C. Dep't of Corr. v. D.C.*, 93 F.3d 910, 926 (D.C. Cir. 1996) [*Women Prisoners*] (emphasis added).

4

After all, the reason sex receives only intermediate scrutiny is that there remain "enduring" differences between men and women. *VMI*, 518 U.S. at 533. For this reason, *VMI* does not sweep as broadly as it suggests. As the Sixth Circuit put it, "necessity of heightened review, will not be present every time that sex factors into a government decision." *L. W. by & through Williams v. Skrmetti*, 83 F.4th 460, 484 (6th Cir.), *cert. dismissed in part sub nom. Doe v. Kentucky*, 144 S. Ct. 389 (2023), and *cert. granted sub nom. United States v. Skrmetti*, 144 S. Ct. 2679 (2024). Even though sex differences determine their outcomes, courts have not applied heightened scrutiny to laws that regulate medical procedures, *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 236 (2022), marriage, *Obergefell v. Hodges*, 576 U.S. 644 (2015), or prison housing unless there is a difference in facilities or funding, *Women Prisoners*, 93 F.3d at 926.

In sum, the best reading of *Turner* and *VMI* is that *Turner* controls absent a clear exception from the Supreme Court. After all, even racial discrimination fell under *Turner*'s control until the Supreme Court carved it out in *Johnson*. On the other hand, courts have held that even in light of *VMI*, "[m]ere appearance of the words sex or gender in a law does not by itself require skeptical review under the Constitution." *Skrmetti*, 83 F.4th at 484. Our duty is simply to apply Supreme Court precedent, and in my view it requires rational basis review.

## III.

Holding that sex-discrimination is an exception to *Turner* puts us out of step with the Supreme Court and other circuits. And it is simply incorrect. We remain bound by

5

two facially contradictory Supreme Court cases. It is not our place as inferior courts to sweep aside one for the other; we must try to honor both.

I respectfully dissent. But only the Supreme Court can truly solve this conflict. This case is a good candidate for its review.