# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30556
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAVIS DEMOND CARROLL,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CR-247-3

———————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Travis Demond Carroll appeals the sentence imposed following his guilty plea conviction of conspiring to possess a controlled substance with the intent to distribute it. He argues that he did not qualify as a career offender under U.S.S.G. § 4B1.1(a) because he lacked the

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

requisite number of prior convictions and further argues that the combined drug weight attributed to him was incorrect.

Although Carroll challenged the use of his two prior state convictions as predicate offenses for purposes of § 4B1.1(a) in the district court, he did not do so on the specific ground he now urges on appeal. Therefore, we review for plain error. *See United States v. Escobar*, 866 F.3d 333, 337 (5th Cir. 2017). To show plain error, Carroll must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

"Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). The record reflects that the prior convictions were separated by an intervening arrest, with the arrest for the first offense occurring nearly five months before the commission of the second offense. Thus, Carroll has not demonstrated any error in the counting of his predicate convictions. *See id.*; *United States v. Akins*, 746 F.3d 590, 611 (5th Cir. 2014).

In light of the resolution of the career offender issue, Carroll's argument concerning the drug weight attributable to him is moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam). The judgment of the district court is AFFIRMED.